UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PAUL COLON,                                       :
                              Petitioner,     :
                                         :     **ORDER**
              - against -                :     09-cv-746 (GBD)(RLE)
                                         :
ROBERT ERCOLE,                              :
                                         :
                              Respondent.   :
------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      *Pro se* petitioner, Paul Colon, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After his petition was received by the Court on December 11, 2008, respondent moved to dismiss the petition on the ground that it is time-barred under the statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA").

      This matter was referred to Magistrate Judge Ronald Ellis for a report and recommendation (the "Report"). The magistrate judge issued the Report, recommending that the motion be denied and that respondent respond to the petition within forty-five days.

      This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a magistrate judge's report. See 28 U.S.C. § 636(b)(1). If the parties file objections to a report, the Court must make a *de novo* determination of those portions of the report to which objections are raised. See Fed. R. Civ. P. 72. The district court may also either receive further evidence from the parties or recommit the matter to the magistrate judge with additional instructions. Id. The district judge is not required to conduct a *de novo* hearing

on the matter. See DeLuca v. Lord, 77 F.3d 578, 587 n. 2 (2d Cir. 1996). On the contrary, it is sufficient that the district court "arrive at its own, independent conclusions" regarding those portions of a report to which objections are made. See American Express Int'l. Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 1981), aff'd, 697 F.2d 287 (2d Cir.1982). If the parties decline to submit objections to a report, the Court may adopt a magistrate judge's recommendation absent "clear error" on the face of the record. See U.S. v. Male Juvenile, 121 F.3d 34, 38-39 (2d Cir. 1997).

The Report correctly notes that a petitioner's application for a writ of habeas corpus must be filed within one year of his conviction becoming final. Report at 4 (citing 28 U.S.C. § 2244(d)(1)). The magistrate judge found that, applying the "prison mailbox rule", the petition in this case was timely filed when the inmate law clerk assigned to assist petitioner with his application submitted an unsigned copy of the petition to prison officials for mailing to the Court on November 10, 2008. Id. at 3, 5. Magistrate Judge Ellis also concluded that the requirements for equitable tolling of AEDPA's statute of limitations were met because petitioner's transfer to another prison facility shortly before the deadline for filing his petition deprived him of all of his "case-related documents, including the trial record, appellate briefs, and court decisions." Id. at 9.

Magistrate Judge Ellis advised the parties that their failure to file timely objections would constitute a waiver of those objections before the District Court and upon appellate review. Report at 10; see also Fed. R. Civ. P. 72(b). Respondent filed timely objections in which he argued: 1) that the habeas petition was untimely because petitioner is not entitled to "the benefit of the mailbox rule" and 2) petitioner's transfer from one prison facility to another did not

constitute "extraordinary circumstances" for purposes of equitably tolling AEDPA's statute of limitations.

The Court has considered respondent's objections and found them to be without merit. Respondent cites no authority for its contention that petitioner's submission of the application through an assigned inmate law clerk precludes petitioner from benefitting from the mailbox rule. Moreover, the record shows that petitioner exercised reasonable diligence in preparing his petition, and his inability to access his legal documents shortly before the filing deadline renders his prison transfer an "extraordinary circumstance" for purposes of tolling the limitations period under AEDPA. See Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

This Court adopts the Report and, for the reasons stated therein, respondent's motion to dismiss the petition is denied. Respondent is ordered to respond to the petition within forty-five (45) days from the entry of this order.

Dated: New York, New York
       August 26, 2009

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge