UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL COLON,

                Petitioner

-v-

ROBERT ERCOLE,

                Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 29 MAR 2011

MEMORANDUM DECISION
AND ORDER
09 CV 00746 (GBD) (RLE)

GEORGE B. DANIELS, District Judge:

*Pro se* Petitioner Robert Ercole brought this writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that his conviction and incarceration violate the United States Constitution because: (Claim 1) "the identification procedures employed by the police and admitted at trial were tainted and suggestive, in violation of his right against unlawful arrest and his right to due process"; (Claim 2) "he was deprived of the right to confront his accusers and to a fair trial"; and (Claim 3) "there was prosecutorial misconduct during opening remarks and summation, which violated his right to a fair trial and his right to due process." Report at 1-2. This Court referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("Report").

Magistrate Judge Ellis issued a Report recommending that the petition be denied. The Magistrate Judge determined that Claim 1 is meritless because Petitioner was properly arrested. The identification procedure was not tainted or suggestive, and probable cause existed for the arrest. The Magistrate Judge determined that Claim 2 and two of the grounds for prosecutorial misconduct asserted under Claim 3 are procedurally barred because the Appellate Division's procedural dismissal was an independent and adequate state ground. Finally, the Magistrate

Judge determined that the remaining grounds for prosecutorial misconduct asserted under Claim 3 are meritless because "the prosecutor's remarks did not infect the trial with any degree of unfairness that prejudiced Colon or deprived him of due process," particularly in light of the trial court's curative instructions, and because "there was substantial other evidence to support the jury's verdict.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his report, Magistrate Judge Ellis advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). This Court has received no objections, and the time to do so has expired. After carefully reviewing the Report, the Court finds that the Report is not facially erroneous, and adopts the Report in its entirety. Accordingly, the writ is denied and the petition

dismissed.

As Petitioner has not made a substantial showing of the denial of a federal right, a certificate of appealability will not issue. 28 U.S.C. s 2253; <u>Tankleff v. Senkowski</u>, 135 F.3d 235, 241 (2d. Cir.1998); <u>United States v. Perez</u>, 129 F.3d 255, 259-060 (2d Cir.1997); <u>Lozada v. United States</u>, 107 F.3d 1011 (2d Cir.1997). Moreover, the Court certifies pursuant to 28 U.S.C. s 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>See</u> <u>Malley v. Corporation Counsel of the City of New York</u>, 9 Fed. Appx. 58, 60 (2d Cir.2001).

Dated: New York, New York
      March 29, 2011

SO ORDERED:

*George B. Daniels* (signature)

GEORGE B. DANIELS
United States District Judge